UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LIBERTY INSURANCE CORPORATION, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANTHONY ENGLISH, *et al.*, )<br>)<br>)<br>Defendants. )<br>) | Case No. 1:21-cv-00594 (LO/IDD) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Liberty Insurance Corporation's ("Plaintiff" or "Liberty") Motion for Default Judgment against Defendant Valarie Hall ("Defendant" or "Hall"). Dkt. No. 39. After the Defendant failed to file an answer, plead, or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, relevant portions of the underlying record, and the supporting memorandum, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiff's Motion be **GRANTED**.

### I. INTRODUCTION

On May 12, 2021, Plaintiff filed this action seeking a judgment declaring that it has no duty to defend or indemnify Defendant Anthony English in an underlying lawsuit filed by Hall. Dkt. No. 1. The Complaint in this matter alleges that based on the provisions of the homeowner's insurance policy Liberty issued to English, any possible insurance coverage that English may

1

have had under his policy in Liberty, in connection with the underlying lawsuit by Hall against English, is precluded. *Id.*

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, and the matter in controversy is between citizens of different states. Compl. ¶ 5. This action involves the underlying lawsuit styled *Valarie Hall v. Anthony English*, in the Circuit Court for Alexandria, Virginia (Case No. CL21001027) ("the Underlying Lawsuit"), in which Hall seeks $350,000 in compensatory damages and $350,000 in punitive damages against English. *Id.* ¶ 23. Thus, the amount in controversy requirement is met. Regarding citizenship, Plaintiff is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in the Commonwealth of Massachusetts, and Defendants are residents of the Commonwealth of Virginia. *Id.* ¶¶ 2-4. Therefore, the parties are completely diverse.

Venue is appropriate in this district, pursuant to 28 U.S.C. § 1391, because Hall resides in this judicial district and a substantial part of the events giving rise to the claims occurred in this district. Compl. ¶ 7. This Court may exercise personal jurisdiction over Defendant Hall because she resides in Virginia and is a resident of the Commonwealth of Virginia. Compl. ¶ 6. Accordingly, this Court has personal jurisdiction over Defendant Hall and is also a proper venue for this action.

### B. Service of Process

Federal Rule of Civil Procedure 4(e) governs service upon an individual and allows service by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the court is located or where service is made. FED. R. CIV. P. 4(e).

Under Va. Code § 8.01-288, "process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted . . . ." *Id*. *See Allied Towing Corp. v. Great E. Petroleum Corp.*, 642 F. Supp. 1339, 1353 (E.D. Va. 1986) (when a defendant does not dispute that it actually received the process in a timely manner, there is no defect as to the physical service of process under Va. Code § 8.01-288). As reflected on the Summons to Hall, the process directed to her was served at the same house in Alexandria, Virginia that is identified in her Complaint in the Underlying Lawsuit. *See* Dkt. No. 1-2 and Dkt. No. 5. Service by posting took place on May 19, 2021. Dkt. No. 8. By email sent on June 2, 2021, counsel for Liberty notified the lawyers representing English and Hall in the Underlying Lawsuit that service had been made on their respective clients. That same day, Hall's lawyer, Mehagen McRae ("McRae"), responded from her email address and indicated that her client did not reside at the residence in Alexandria and had not received service at her current address. However, McRae ceased communicating or cooperating with Plaintiff in that regard. After consecutive failed attempts to serve Hall, Plaintiff filed a Motion to Amend Proof of Service and For A Finding There Has Been Sufficient Service on Defendant Valarie Hall Under Va. Code § 8.01-288 ("Motion to Amend Proof of Service"). Dkt. No. 32.

On November 2, 2021, the Honorable United States District Judge Michael S. Nachmanoff (then Magistrate Judge) granted Plaintiff's Motion to Amend Proof of Service and (1) determined that process reached Hall within the time prescribed by this Court pursuant to Va. Code § 8.01-288 and (2) ordered that Hall dispute that process had reached her or file her pleadings in response to Plaintiff's Complaint by November 5, 2021. Hall neither disputed that process had reached her, nor did she file a response to the Complaint by the Court's November 5, 2021 deadline. Therefore, the undersigned finds that Plaintiff properly served Defendant Hall

3

with process.

### C.  Grounds for Default Judgment

Plaintiff filed its Complaint on May 12, 2021. Dkt. No. 1. Defendant Valarie Hall failed to file an answer or any responsive pleading in this matter. On November 8, 2021, Plaintiff filed a Request for Entry of Default. Dkt. No. 37. On November 9, 2021, the Clerk entered default against Defendant Valarie Hall. Dkt. No. 38. On December 13, 2021, Plaintiff filed a Motion for Default Judgment and an accompanying memorandum in support of its motion, and the Court held a hearing on the matter on February 4, 2022. Dkt. Nos. 39-40, 46. After Defendant Hall failed to appear at the February 4, 2022 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II.  FACTUAL FINDINGS

Liberty is a corporation existing under the laws of the State of Illinois with its principal place of business in the Commonwealth of Massachusetts. Dkt. No. 1 at 1. Valarie Hall ("Hall") and Anthony English ("English") are natural persons who reside in and are citizens of the Commonwealth of Virginia. *Id.* at 2. As of January 10, 2019, English maintained a Liberty homeowners' policy with a policy period of August 8, 2018 to August 8, 2019 (the "Policy"). *Id.* The Policy provided, *inter alia*, that Liberty would provide coverage for claims caused by an "occurrence" covered under the policy, subject to certain exclusions. *Id.* at 3-4. On January 11, 2021, Hall initiated a lawsuit, *Valarie Hall v. Anthony English*, in the Circuit Court for Alexandria, Virginia (the "Underlying-Lawsuit Complaint"). *Id.* at 5. The Underlying-Lawsuit Complaint alleges that as of the fall of 2014, Hall and English were in an intimate partner relationship and that English moved Hall into his residence before April 2015. *Id.* The

4

Underlying-Lawsuit Complaint also alleges that on January 10, 2019, English violently attacked Hall in their home, grabbed her, shoved her, and repeatedly struck her with a chair. *Id.* Soon thereafter, Hall barricaded herself in the master bedroom closet and called 9-1-1. *Id.* English then broke into the master bedroom closet, dragged Hall by her hair to the ground, began to hit her all over her body, and threatened to kill her. *Id.* at 5-6.

According to the Underlying-Lawsuit Complaint, English is currently incarcerated because of a felony conviction for malicious wounding with malicious intent of Hall. *Id.* at 6. Although the incident giving rise to the Underlying Lawsuit occurred on January 10, 2019 and resulted in a felony conviction of English, Liberty did not receive notice of said incident until February 2021. *Id.* at 7. In the instant action, Liberty seeks a declaratory judgment that it does not owe any obligation to defend or indemnify English in the Underlying Lawsuit.

### III.    EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322, n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### **Liberty's Duty to Defend English Under the Policy**

Under Virginia law,[1] "the interpretation of a contract is a question of law." *Tiger Fibers, LLC v. Aspen Specialty Ins. Co.*, 594 F. Supp. 2d 630, 638 (E.D. Va. 2009) (citing *City of Chesapeake v. States Self-Insurers Risk Retention Group, Inc.*, 271 Va. 574, 578 (2006)). An insured has the burden to establish coverage under the terms of the policy. *Bituminous Cas. Corp. v. Sheets*, 239 Va. 332, 336 (1990). To determine whether an insurer has a duty to defend, Virginia applies the "eight corners rule" in which courts compare the "four corners" of the underlying complaint with the "four corners" of the policy to determine whether the allegations in the underlying complaint exist within the coverage provided by the policy. *AES Corp. v. Steadfast Ins. Co.*, 283 Va. 609, 616-17 (2012).

For the reasons that follow, the undersigned finds that the Underlying-Lawsuit Complaint does not allege facts that fall within the coverage of the Policy.

---

[1] In evaluating Plaintiff's claim, this Court applies Virginia law since this Court has diversity jurisdiction and should apply the choice of law rules of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941).

1.  **The Underlying-Lawsuit Complaint Does Not Seek Damages Caused by an "Occurrence"**

A claim is not covered under the Policy unless the "bodily injury" for which damages are sought is caused by an "occurrence," defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions which results in …bodily injury." Dkt. No. 40 at 16. Under Virginia law, "an intentional act is neither an 'occurrence' nor an 'accident' and therefore is not covered by the standard policy." *See Liberty Univ., Inc. v. Citizens Ins. Co. of Am.*, 792 F.3d 520, 525 (4th Cir. 2015) ("a suit alleging only intentional torts does not state an 'occurrence.'"). Here, the allegations in the Underlying-Lawsuit Complaint are that English engaged in intentional acts of violence against Hall. English allegedly grabbed Hall, shoved her, struck her with a chair, dragged her by her hair, and hit her all over her body. *Id.* at 17. Therefore, there was no "occurrence" as defined by the Policy and no coverage for the consequences of these acts under the Policy.

2.  **Exclusions Would Apply to Bar Any Coverage**

Furthermore, the burden is on the insurer to prove that an exclusion applies. *Johnson v. Ins. Co. of N. Am.*, 232 Va. 340, 345 (1986). Virginia law recognizes and gives literal effect to the policy language that limits coverage. *Gay v. Am. Motorists Ins. Co.*, 714 F.2d 13, 16 (4th Cir. 1983). In this case, the Policy has at least two exclusions that apply to the allegations in the Underlying-Lawsuit Complaint: "the expected or intended injury exclusion" and "the exclusion for bodily injury arising out of physical abuse." The undersigned will address the latter exclusion.

The Policy has an exclusion for bodily injury arising out of physical or mental abuse. The Fourth Circuit has held that courts "should give the language its plain and ordinary meaning and enforce the policy as written." *See Seabulk Offshore, Ltd. v. Am. Home Assur. Co.*, 377 F.3d 408, 419 (4th Cir. 2004). The Policy defines "bodily injury" as "bodily harm, sickness or disease, including required care, loss of services and death that results." The Underlying-Lawsuit Complaint alleges that Hall experienced bodily harm, and thus there was a "bodily injury." The Supreme Court of Virginia has interpreted the language "arising out of" to mean that the excluded activity "caused or contributed to" the injury alleged. *Bituminous Cas. Corp. v. Sheets*, 239 Va. 332, 337 (1990). Accordingly, physical abuse need only cause or contribute to the bodily injury. Finally, "physical abuse" includes physical maltreatment of or relating to the body.

In the present case, the Underlying-Lawsuit Complaint alleges that English violently attacked Hall in their home; that he grabbed her, shoved her, and repeatedly struck her with a chair; that she barricaded herself in the master bedroom closet and called 9-1-1; that he broke into the master bedroom, broke into the master bedroom closet, dragged her by her hair, and dragged her to the ground where he began to hit her all over her body; that he told her that he was going to kill her; that she was bleeding significantly; and that she lost consciousness as a result of the violent attack. Such allegations clearly constituted bodily harm arising out of physical abuse. Accordingly, coverage for the Underlying Lawsuit is excluded under the Policy.

### 3. English Materially Breached the Policy's Notice Provisions

Even if the allegations contained in the Underlying-Lawsuit Complaint were otherwise covered under the Policy, English breached the notice provisions of the Policy and thus forfeited any coverage he might have had for Hall's claim against him. "[N]otice provisions are designed to afford the insurer the opportunity to make a timely investigation of all circumstances

8

surrounding the accident and to prepare an adequate defense if necessary on behalf of the insured." *Atlas Ins. Co. v. Chapman*, 888 F. Supp. 742, 745 (E.D. Va. 1995). As a result, "Virginia courts have consistently held that policy provisions 'requiring that written notice of an accident be given as soon as practicable or immediately are reasonable and enforceable,' and are a condition precedent which, 'if not complied with, bar recovery under the policy.'" *Nationwide Mut. Fire Ins. Co. v. Overstreet*, 568 F. Supp. 2d 638, 643 (E.D. Va. 2008) (citation omitted). In Virginia, a prolonged delay in notification alone may breach the policy even absent a showing of prejudice. *State Farm Fire & Cas. Co. v. Walton*, 244 Va. 498, 504 (1992). In that regard, this Court has found that delays of 15 months and 18 months in providing notice under insurance policies were unreasonable. *See Builders Mut. Ins. Co. v. Wedge Constr., Inc.*, 423 F. Supp. 3d 253, 259 (E.D. Va. 2019); *HDI Global Specialty SE v. Hassan*, No. 3:19cv891, 2021 WL 4176239, *8 (E.D. Va. 2021).

In the present case, the Underlying-Lawsuit Complaint establishes that an indisputably serious incident allegedly occurred on January 10, 2019. Dkt. No. 40 at 11. English allegedly attacked Hall in their home, repeatedly struck her with a chair and beat her to such a degree that she bled significantly and blacked out. *Id.* However, Liberty did not receive any notice of the incident or subsequent criminal filings from him or anyone else until February 2021, when English's adult daughter provided a copy of the Underlying-Lawsuit Complaint to Liberty to determine if Liberty would provide English with coverage relating to the Lawsuit. Compl. ¶ 24. This delay in notification was over two years and constitutes a substantial and material violation of the Policy's notice requirement. Accordingly, English's failure to provide Liberty notice of the January 10, 2019 incident "as soon as is practical" deprived him of any coverage that he may

have had under the Policy concerning the allegations contained in the Underlying-Lawsuit Complaint.

Therefore, in light of the above, the undersigned finds that Liberty has no duty to defend English in the Underlying-Lawsuit or to indemnify him in the Lawsuit.

## IV. REQUESTED RELIEF

In its Complaint, Liberty requests a declaratory judgment declaring that Liberty, under the Policy, has no obligation either to defend English in the Underlying Lawsuit or to indemnify him against any judgment in the Lawsuit. Compl. at 8. In that regard, on December 13, 2021, Liberty filed an uncontested Motion for Declaratory Judgment against Defendant Anthony English seeking the same relief. Dkt. No. 42. On January 21, 2022, the Honorable United States District Judge Liam O'Grady granted the Motion and ordered that "plaintiff Liberty Insurance Corporation has no obligation to defend or indemnify defendant Anthony English under LibertyGuard Deluxe Homeowners Policy [Policy No. H37-238-551949-40; Policy Period: August 8, 2018 to August 8, 2019] with respect to the claims asserted against him by defendant Valarie Hall in the action styled *Valarie Hall v. Anthony English*…" Dkt. No. 45. In light of the aforementioned, the undersigned finds that there is an appropriate basis for this Court to re-enter the above-referenced declaratory judgment.

## V. RECOMMENDATION

The undersigned Magistrate Judge finds that the submitted pleadings and affidavits establish that Plaintiff is entitled to a default judgment against Defendant Valarie Hall. Therefore, the undersigned recommends that Plaintiff's Motion for Default Judgment be **GRANTED** and judgment be entered in favor of Plaintiff against Defendant Valarie Hall.

## VI. <u>NOTICE</u>

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendants at the following addresses:

Mr. Daniel Poretz
King Campbell Poretz Mitchell
108 North Alfred Street, 2nd Floor
Alexandria, VA 22314
KCLaw@kingcampbell.com

Ms. Mehagen D. McRae
Fayez Goriup McRae PLLC
4084 University Drive, Suite 208
Fairfax, Virginia 22030
mdm@fgmfamilylaw.com

August 26, 2022

Alexandria, Virginia

/s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge